United States District Court
Southern District of Texas
**ENTERED**
May 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTHERN GLAZER'S WINE AND SPIRITS, LLC, Movant, | § § § § § | MISCELLANEOUS ACTION NUMBER 4:26-mc-00285 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| MEXCOR, INC, Respondent. | § § § | |

ORDER

The motion by Movant Southern Glazer's Wine and Spirits, LLC, to compel production of documents from Respondent Mexcor, Inc, is granted. Dkt 1.

1.   Background

SGWS seeks documents for use in defending against an action by the FTC in the Central District of California. See *Federal Trade Commission v Southern Glazer's Wine and Spirits, LLC*, 8:24-cv-02684 (CD Cal), Dkt 1. That action alleges that SGWS violated the Robinson-Patman Act and the Federal Trade Commission Act. See ibid; Dkt 1-1 at 2 (memorandum in support of motion to compel).

SGWS specifically seeks documents relevant to certain defenses, including that (i) retailers to whom it charges different prices don't compete, (ii) its pricing practices are justified by market conditions, differences in the cost of serving different retailers, and its efforts to meet competition, and (iii) alcohol sales to retailers occur outside of interstate commerce. See Dkt 1-1 at 2.

Mexcor is one of eleven beverage distributors on whom SGWS has served similar subpoenas containing the same fourteen requests for production. Dkt 1-1 at 7; see also

Dkt 1-2 at 2 (subpoena). Mexcor filed objections. Dkt 1-4. SGWS then served an amended subpoena, to which Mexcor also objected. See Dkts 1-3 & 1-6.

SGWS filed the pending motion to compel on February 9, 2026. Dkt 1. The subpoena requires compliance in the Southern District of Texas. See Dkt 1-3 at 2. The motion is thus properly filed in this district pursuant to Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure.

Mexcor responded. It argues in opposition that (i) the requested documents aren't relevant or necessary to the underlying lawsuit, (ii) the requests are overbroad, unduly burdensome, and expensive, and (iii) the protective order in the underlying lawsuit doesn't alleviate its confidentiality concerns. Dkt 4 at 11–23.

SGWS states in reply that the Northern District of Texas rejected these same arguments in an action before it concerning a challenge to the same subpoena directed to a different third party. Dkt 9 at 1–2, citing *Federal Trade Commission v Southern Glazer's Wine and Spirits LLC*, 3:26-mc-00001 (ND Tex), Dkt 17. It notes that Mexcor's response in many respects is a near word-for-word copy of the response filed in that case. See Dkt 9-2 (redline comparison). SGWS also contends, as there, that the arguments fail on the merits. Dkt 9 at 3–8.

### 2. Legal standard

Rule 45 of the Federal Rules of Civil Procedure allows a party to serve a subpoena that commands a nonparty to respond to discovery requests. The party "responsible for issuing and serving a subpoena" must "take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." FRCP 45(d)(1). The district court where compliance is required "must enforce this duty and impose an appropriate sanction" if the issuing party fails to take such steps. Ibid. Upon motion, the district court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden." FRCP 45(d)(3).

Six factors determine whether a subpoena under Rule 45 presents an undue burden, being "(i) the relevance of the information requested, (ii) the need of the party for the documents, (iii) the breadth of the document request, (iv) the time period covered by the request, (v) the particularity with which the party describes the requested documents, and (vi) the burden imposed." *Wiwa v Royal Dutch Petroleum Co*, 392 F3d 812, 818 (5th Cir 2004).

The burden is on the party resisting discovery under Rule 45 to show specifically how each request is irrelevant, overbroad, oppressive or burdensome. See *McLeod, Alexander, Powel & Apffel, PC v Quarles*, 894 F2d 1482, 1485 (5th Cir 1990); *Wiwa*, 392 F3d at 818.

### 3.  Analysis

The requests for production are without question relevant and proportional to the needs of SGWS in the underlying case. The determination of the Northern District of Texas in the related action is persuasive and adopted here:

- o   The sets of documents requested may contain information pertinent to whether SGWS held a reasonable belief about whether certain pricing practices were necessary to match competition.
- o   The information sought is unique to Mexcor and can't be obtained from a less burdensome source.
- o   The requests aren't overbroad but are instead "narrowed by date and geography and limited to only materials that, as [SGWS] has explained, would support its defenses."
- o   The arguments as to particularity in the response "collapse into a claim that the scope of what is requested is overly broad," and thus fail for the same reasons.

See 3:26-mc-00001 (ND Tex), Dkt 17.

Likewise, any burden imposed by compliance with the subpoena isn't undue. Mexcor complains that compliance will require it to divert the activity of its sole information

3

technology employee or otherwise invest significant resources into retaining a data engineering vendor. Dkt 4 at 20. Even if such burden could be said to be significant, which is doubtful, it doesn't rise to the level of being undue. This is especially so given that all of the other factors identified by the Fifth Circuit in assessing an undue burden weigh in favor of SGWS, as detailed above. See *Wiwa*, 392 F3d at 818.

As to confidentiality, the protective order in the underlying action allows for third-party competitors from whom discovery is sought to designate information as viewable by outside counsel only. See 8:24-cv-2684 (CD Cal), Dkt 83. As held by the Northern District of Texas, this sufficiently addresses concerns regarding potential exposure of trade secrets to a direct competitor. See 3:26-mc-00001 (ND Tex), Dkt 17.

Mexcor fails to meet its burden in resisting the discovery sought by SGWS in the subpoena. The motion to compel will thus be granted.

4.   Conclusion

The motion by Movant Southern Glazer's Wine and Spirits, LLC, to compel production of documents is GRANTED. Dkt 1.

Respondent Mexcor, Inc, is ORDERED to produce the categories of documents requested in the amended subpoena within thirty days from entry of this Order, absent further order of agreement between the parties. See Dkt 1-3 at 8–12.

SO ORDERED.

Signed on May 12, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge